# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: September 27, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JOHANA MEKWINSKI | * | |
| | * | |
| Petitioner, | * | No. 16-859V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Decision on Stipulation; |
| AND HUMAN SERVICES, | * | Influenza ("flu"); Multiple |
| | * | Sclerosis. |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Anne C. Toale,* Maglio Christopher and Toale, Sarasota, FL, for petitioner.
*Catherine E. Stolar,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON STIPULATION[1]

On July 21, 2016, Johana Mekwinski ("petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving the influenza ("flu") vaccine on October 17, 2013, she suffered from multiple sclerosis ("MS") or that the flu vaccine significantly aggravated her MS. *Id.*

On September 27, 2023, respondent file a stipulation providing that a decision should be entered awarding compensation to petitioner. Stipulation (ECF No. 144). Respondent denies that the flu vaccine was the cause of petitioner's MS or that the flu vaccine significantly aggravated her underlying MS. *Id.* at ¶ 6. Nevertheless, maintaining their respective positions, the parties now agree that the issues between them shall be settled and that a decision should be

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

entered awarding petitioner compensation according to the terms of the stipulation attached hereto as Appendix A.  *Id.* at ¶ 7.

The stipulation provides:

1)  **A lump sum of $167,572.90, which amounts represents compensation for the first year life care expenses ($15,122.99), pain and suffering ($150,000.00), and past unreimburseable expenses ($2,449.91), in the form of a check payable to petitioner;**

2)  **A lump sum of $869.69, which amount represents reimbursement of a Sunshine Health Medicaid lien for services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and:**

**The Rawlings Company LLC**
**Attn: Shuan Geiser**
**P.O. Box 2000**
**La Grange, KY 40031**

**Petitioner agrees to endorse this check to The Rawlings Company, LLC.**

3)  **An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation.**

**These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the stipulation and this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| JOHANA MEKWINSKI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 16-859V |
| | ) | Special Master Gowen |
| SECRETARY OF HEALTH | ) | ECF |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Johana Mekwinski, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which is a vaccine contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received her flu vaccination on October 17, 2013.

3. The vaccination was administered within the United States.

4. Petitioner alleges that she suffered from multiple sclerosis ("MS") as a result of receiving the flu vaccine, or alternatively that the vaccine significantly aggravated her MS, and that she experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the flu vaccine caused petitioner to suffer from or in the alternative, significantly aggravated, MS or any other injury or her current condition.

7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a.  A lump sum of $167,572.90, which amount represents compensation for first year life care expenses ($15,122.99), pain and suffering ($150,000.00), and past unreimbursable expenses ($2,449.91), in the form of a check payable to petitioner;

b.  A lump sum of $869.69,[1] which amount represents reimbursement of a Sunshine Health Medicaid lien for services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and

The Rawlings Company LLC
Attn: Shaun Geiser
P.O. Box 2000
La Grange, KY 40031

Petitioner agrees to endorse this check to The Rawlings Company, LLC.

c.  An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9.  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that Sunshine Health may have against any individual as a result of any Medicaid payments made to or on behalf of Johana Mekwinski as a result of her alleged vaccine-related

must have one of the following ratings from two of the following rating organizations:

    a.    A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.    Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Johana Mekwinski, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows for the following life care items available under 42 U.S.C. §300aa-15(a).

    a. For future unreimbursable Florida Blue Insurance Maximum Out of Pocket expenses, beginning on the first anniversary of the date of judgment, an annual amount of $7,000.00 to be paid up to the anniversary of the date of judgment in year 2057, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    b. For future unreimbursable Medicare Part B Deductible expenses, beginning on the anniversary of the date of judgment in year 2057, an annual amount of $266.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    c. For future unreimbursable Medicare Supplement and Medicare Part D expenses, beginning on the anniversary of the date of judgment in year 2057, an annual amount of $2,465.44 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    d. For future unreimbursable Power Scooter, Scooter Maintenance, Battery Charger for Scooter, Battery for Scooter, Scooter Lift, and Lightweight Portable Wheelchair expenses, on the anniversary of the date of judgment in year 2057, a lump sum of $2,963.53.  Thereafter, beginning on the anniversary of the date of judgment in year 2058, an annual amount of $481.71 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

---

injury suffered on or about October 17, 2013, under Title XIX of the Social Security Act. *See* 42 U.S.C. § 300aa-15(g),(h).

e.  For future unreimbursable Adjustable Toilet Seat, Auto Toothpaste Dispenser, Shower Chair, Bedside Pole, Cane, Medical Alert System, Hand Held Shower, Jobst Stocking, Long Handled Body Washer, and Reacher expenses, beginning on the first anniversary of the date of judgment, an annual amount of $574.65 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f.  For future unreimbursable Reclining Lift Chair expenses, beginning on the first anniversary of the date of judgment, an annual amount of $97.90 to be paid up to the anniversary of the date of judgment in year 2054.  Then, on the anniversary of the date of judgment in Year 2063, a lump sum of $729.00.  Thereafter, beginning on the anniversary of the date of judgment in year 2064, an annual amount of $72.90 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g.  For future unreimbursable In Home Assistant expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,198.00 to be paid up to the anniversary of the date of judgment in year 2042.  Then, beginning on the anniversary of the date of judgment in year 2042, an annual amount of $6,396.00 to be paid up to the anniversary of the date of judgment in year 2057.  Then, beginning on the anniversary of the date of judgment in year 2057, an annual amount of $9,594.00 to be paid up to the anniversary of the date of judgment in year 2064.  Thereafter, beginning on the anniversary of the date of judgment in year 2064, an annual amount of $14,924.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

h.  For future unreimbursable Accessibility Adaptation expenses, beginning on the first anniversary of the date of judgment, an annual amount of $146.83 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.  Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Johana Mekwinski, is alive at the time that a particular payment is due.  Written notice shall

be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Johana Mekwinski's death.

11.   The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation.  The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments.  Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12.   As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13.   Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

5

14.  Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16.  In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 17, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about July 21, 2016, in the United States Court of Federal Claims as petition No. 16-859V.

17.  If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20.  Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused or significantly aggravated petitioner's alleged MS or any other injury or her current condition.

22.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/

/

/

/

7

Respectfully submitted,

**PETITIONER:**

JOHANA MEKWINSKI

**ATTORNEY OF RECORD FOR
PETITIONER:**

ANNE CARRIÓN TOALE, ESQ.
Maglio Christopher & Toale Law Firm
1605 Main Street, Suite 710
Sarasota, FL 34236
Tel: (888) 952-5242
Email: atoale@mctlaw.com

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Henry P.
by Mcmillan -S3
Digitally signed by Henry
P. Mcmillan -S3
Date: 2023.09.12 14:47:57
-04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

CATHERINE E. STOLAR
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-3299
Email: catherine.stolar@usdoj.gov

Dated: 9/27/23

8